# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SEBRE MILLER, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION FILE NO.:<br>)<br>) |
| BRAZILIAN WAX, INC., and ANDREIA GUILMET, | )<br>) **JURY TRIAL DEMANDED** |
| Defendants. | )<br>)<br>) |

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff SEBRE MILLER ("Plaintiff"), by and through her undersigned counsel, and brings this Collective Action Complaint against Defendants BRAZILIAN WAX, INC. ("BWI") and ANDREIA GUILMET ("Guilmet", and, together with BWI, "Defendants"), individually and on behalf of all persons similarly situated, and alleges as follows:

**Jurisdiction and Venue**

1.

This Court has subject matter jurisdiction under 28 U.S.C. §1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (the "FLSA").

2.

Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b), as the Defendants reside and conduct business within Cobb County, which is in this Court's Atlanta Division.

**Parties**

3.

BWI is a Georgia corporation having its principal place of business in Cobb County, Georgia, within the territorial jurisdiction of this Court, and, at all times mentioned in this Complaint, said Defendant employed Plaintiff and other similarly situated individuals.

4.

Guilmet is a resident of the State of Georgia. At all times mentioned in this Complaint, Guilmet was (and she now is) the owner and Chief Executive Officer of BWI.

5.

BWI owns and operates 17 boutiques located in Georgia and Tennessee under the trade name "Brazilian Wax by Andreia" through numerous wholly-owned subsidiaries and/or affiliates.

6.

Plaintiff is a resident of the State of Georgia. Plaintiff was employed as an aesthetician at BWI's boutique located in Athens, Georgia from December 15, 2015 until October 4, 2016.

**Factual Allegations**

7.

The preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

8.

At all times relevant herein, BWI has operated and controlled an enterprise engaged in interstate commerce with an annual gross volume in excess of $500,000.00.

9.

At all times relevant herein, Plaintiff and other similarly situated individuals handled goods that have moved in or materially produced for commerce by another person including specifically the Beauty Image wax, waxing cloths, waxing pot, alcohol, oil, gloves and baby powder that were mandated by Defendants.

10.

At all times relevant herein, Guilmet exercised sufficient control over BWI's day-to-day operations, including control over its personnel and employment policies and practices, to be considered an employer of Plaintiff and all other similarly situated individuals under the FLSA.

11.

At all times relevant herein, Defendants were the employers of Plaintiff and all other similarly situated individuals within the meaning of the FLSA.

12.

Defendants have misclassified Plaintiff and other similarly situated individuals as independent contractors, when in reality they were/are employees of Defendants under the applicable legal standards.

13.

At all times relevant herein, Defendants directly or indirectly hired Plaintiff and all other similarly situated employees.

14.

At all times relevant herein, Defendants directly or indirectly controlled Plaintiff and all other similarly situated employees' work schedules.

15.

At all times relevant herein, Defendants directly or indirectly controlled the conditions of Plaintiff's and all other similarly situated employees' employment.

16.

At all times relevant herein, Defendants determined the rate and method of payment of Plaintiff and all other similarly situated employees.

17.

At all times relevant herein, Defendants exercised extensive control over the manner in which Plaintiff and other similarly situated employees performed their jobs and conducted themselves on Defendants' premises, including when and how they were to perform services, what they were allowed to wear, what amounts they could charge or receive for services, and how they could interact with customers.

18.

At all times relevant herein, Defendants maintained control, oversight, and direction over Plaintiff and all other similarly situated employees.

19.

Defendants promulgated and enforced policies affecting the payment of wages for overtime compensation to Plaintiff and all other similarly situated employees.

20.

During the applicable statutory period, Plaintiff and all other similarly situated employees were required by Defendants, and did work, on more than one occasion, in excess 40 hours per week.

21.

Based on the number of hours actually worked, Plaintiff and all other similarly situated employees did not receive the statutory minimum wage.

22.

Defendants failed to compensate Plaintiff and all other similarly situated employees overtime compensation at one and one-half times their regular rates of pay.

23.

Defendants' failure to pay minimum wages to Plaintiff and all other similarly situated employees as alleged herein was willful, intentional and/or lacked good faith.

24.

Defendants' failure to pay overtime compensation to Plaintiff and all other similarly situated employees as alleged herein was willful, intentional and/or lacked good faith.

25.

Upon information and belief, at all times relevant herein, Defendants have failed to keep full and accurate records of Plaintiff's and all other similarly situated employees' hours and wages, in violation of 29 C.F.R. §516.

26.

Defendants' wrongful acts and omissions as alleged herein were not in conformity with or in reliance upon any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor, Georgia Department of Labor, or any administrative practice or enforcement policy of such departments.

27.

Defendants' violations of the FLSA as alleged herein were willful, arbitrary, unreasonable and/or in bad faith.

**Collective Action Allegations**

28.

The preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

29.

Plaintiff brings this action, individually and on behalf of all other similarly situated employees who were misclassified as independent contractors by Defendant and who were not paid at least minimum wage or overtime compensation as required by the FLSA on or after the date that is three years before the filing of this Complaint.

30.

Plaintiff brings this collective action to recover monetary damages owed by Defendants to Plaintiff and members of the putative Collective for all hours worked not compensated at the statutory minimum wage.

31.

Plaintiff brings this collective action to recover monetary damages owed by Defendants to Plaintiff and members of the putative Collective for all overtime hours worked.

32.

Plaintiff brings this claim for relief due to Defendants' intentional violation of the FLSA, as a collective action pursuant to 29 U.S.C. §216(b). The Collective is defined as follows:

> **All estheticians employed by BWI within the three years preceding the filing of this Complaint.**

33.

This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA because Plaintiff and the putative Collective members are similarly situated in that they were all subject to Defendants' commonly applied policies and/or practices of misclassifying them as independent contractors, failing to pay them proper minimum wages, and failing to pay them overtime. Further, all members of the putative Collective have been subjected to Defendants' willful and intentional violation of their statutory obligations to pay minimum wage and overtime compensation at one and one-half times their regular rates of pay for work in excess of 40 hours per week.

**First Claim for Relief**
**(Individual and Collective Claim for Violations of the FLSA)**

34.

The preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

35.

Plaintiff and all other similarly situated employees were required by Defendants, and did regularly, work in excess of 40 hours per week.

36.

Defendants failed to pay Plaintiff and all other similarly situated employees the applicable statutory minimum wage for all hours worked.

37.

Defendants failed to pay Plaintiff and all other similarly situated employees proper overtime compensation at one and one-half times their regular rates of pay for hours worked in excess of 40 in a work week.

38.

Defendants' commonly-applied policy and practice, as described herein, was willful, intentional, unreasonable, arbitrary and in bad faith.

39.

Because Defendants willfully violated the FLSA as described herein, a three-year statute of limitations applies to such violation pursuant to 29 U.S.C. §255.

40.

The records concerning the number of hours worked by Plaintiff, and compensation she received, are in the exclusive possession and under the sole custody and control of Defendants, and Plaintiff is unable to state at this time the exact amount owing to her. Plaintiff proposes to obtain such information by

appropriate discovery proceedings to be taken promptly in this case, and Plaintiff will then amend her pleadings to set forth the amount due.

41.

As a result of the foregoing, Plaintiff and all other similarly situated employees were illegally deprived of minimum wages and overtime compensation, in such amounts to be determined at trial, and are entitled to recovery of such unpaid amounts, liquidated damages, prejudgment interest, costs, attorney's fees and other compensation pursuant to 29 U.S.C. §216(b).

**Second Claim for Relief**
**(Individual Claim for Wrongful Termination)**

42.

The preceding paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

43.

Plaintiff voiced concerns to Defendants regarding their unlawful employment policies and practices described herein. Plaintiff specifically complained to the BWI Athens location manager Julie (lnu) of the mandatory schedule applied to Plaintiff while she was classified as an independent contractor. Plaintiff further complained to Andreia Guilmet about mandatory work times. Plaintiff further complained of BWI scheduling clients beyond Plaintiff's scheduled

work time and after the store's scheduled closing. BWI mandated Plaintiff remain despite her "independent contractor" status. Defendants further mandated a rotating schedule for cleaning areas of the store. Plaintiff voiced her concerns regarding the mandatory cleaning requirements and mandatory work times to complete same.

44.

After Defendants received Plaintiff's concerns, Defendants terminated Plaintiff's employment.

45.

Defendants' actions constitute wrongful termination of Plaintiff's employment in violation of the FLSA.

46.

Specifically, Defendants retaliated against Plaintiff and terminated her for opposing Defendants' unlawful, deceitful, dishonest and improper employment policies and practices described herein.

47.

As a result of the intentional, willful and wanton acts of Defendants as described herein, Plaintiff has suffered and will continue to suffer the loss of a better, more productive long-term career with Defendants and the loss of better

wages, bonuses, benefits and other compensation such employment would entail. Plaintiff has also suffered future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress. Plaintiff seeks back pay, front pay, actual damages, liquidated damages, compensatory damages, punitive damages, prejudgment interest, attorney's fees, and costs under this cause of action.

## Prayer for Relief

WHEREFORE, Plaintiff SEBRE MILLER, on behalf of herself an all other similarly situated individuals, prays for the following:

(a) A judgment declaring Plaintiff and all other similarly situated individuals as employees of Defendants under the FLSA;

(b) A judgment declaring that Defendants' wage practices alleged herein violate the FLSA;

(c) An order for injunctive relief ordering Defendants to end all illegal wage practices alleged herein pursuant to the FLSA;

(d) An order directing Defendants, at their own expense, to investigate and account for the number of hours actually worked, and compensation received by, Plaintiff and all Collective members for each work week;

(e) Judgment against Defendants, jointly and severally, for damages according to proof, including liquidated damages, and any and all civil penalties available under applicable law;

(f) An order directing Defendants to pay Plaintiff and all collective members prejudgment interest, reasonable attorney's fees and all costs connected with this action;

(g) Incentive awards for Plaintiff;

(h) Certification of the Collective;

(i) Equitable tolling for the Collective; and

(j) Such other and further relief as this Court may deem necessary, just and proper.

WHEREFORE, Plaintiff SEBRE MILLER, individually, prays for the following:

(a) Judgment against Defendants, jointly and severally, for the maximum relief allowed by law, including, but not limited to, back pay, front pay, actual damages, compensatory damages, mental pain and suffering, emotional distress, attorney's fees and costs, punitive damages, prejudgment interest and such other relief as this Court may deem appropriate.

PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

This 18th day of January, 2017.

                          FORTSON, BENTLEY AND GRIFFIN, P.A.

                          By: /s/ Bricker S. Daughtry
                                Bricker S. Daughtry
                                Georgia Bar No. 663833

                          By: /s/ Adam B. Land
                                Adam B. Land

2500 Daniell's Bridge Road      Georgia Bar No. 075641
Building 200, Suite 3A
Athens, GA 30606               *Attorneys for Plaintiff*
706-548-1151
bsd@fbglaw.com
abl@fbglaw.com