# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SEBRE MILLER, individually and : 
on behalf of all others similarly : 
situated, :
 :
    Plaintiff, :   CIVIL ACTION NO.
 :   1:17-CV-0201-RWS
v. :
 :
BRAZILIAN WAX, INC. and :
ANDREIA GUILMLET, :
 :
    Defendants.

## **ORDER**

This case is before the Court for consideration of the Joint Motion to File under Seal [Doc. 9] and the Parties' Joint Motion to Approve Settlement Agreement and Dismiss Complaint [Doc. 8]. The Parties wish to file the documents under seal to protect their privacy. The claims asserted in the action include claims under the Fair Labor Standards Act ("FLSA"). However, the Parties point out that this is an individual action that was never certified as a class or collective action.

Judicial review and approval of FLSA settlements are necessary to give

settlements final and binding effect. Lynn's Food Stores, Inc. v. U.S. Dept. of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982). A district court may "enter a stipulated judgment after scrutinizing the settlement for fairness." Id. "[A] confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress' intent to insure widespread compliance with the statute." Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010). Sealing an FLSA settlement agreement "thwarts Congress's intent both to advance employees' awareness of their rights and to ensure pervasive implementation of the FLSA in the workplace." Id. at 1245.

While the parties may assert that a confidentiality agreement promoted the settlement of this case, the Court concludes that the confidentiality provision is contrary to the purposes of the FLSA. Therefore, the Joint Motion to File under Seal [Doc. 9] is **DENIED**, and the Clerk is directed to unseal the documents at [Doc. 8].

Under the terms of the Settlement Agreement and General Release, the Parties agreed that the confidentiality provision of the agreement would be

2

AO 72A
(Rev.8/82)

stricken and have no force or effect in the event that the Court conditioned approval of the settlement on there being no confidentiality provision. In light of the Court's earlier ruling, the Court has reviewed the Settlement Agreement and General Release after striking Section 5 thereof related to confidentiality. The Parties' Joint Motion to Approve Settlement Agreement and Dismiss Complaint [Doc. 8] is **GRANTED**, the Settlement Agreement and General Release are hereby **APPROVED**, and the case is **DISMISSED, with prejudice**.

SO ORDERED, this 6th day of June, 2017.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE